ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

| | |
|---|---|
| ERIC A. SEITZ | 1412 |
| GINA SZETO-WONG | 10515 |
| JONATHAN M.F. LOO | 10874 |
| KEVIN A. YOLKEN | 10987 |

820 Mililani Street, Suite 502
Honolulu, HI  96813
Tel:  (808) 533-7434
Emails:   eseitzatty@yahoo.com
          szetogina@gmail.com
          jloo33138@yahoo.com
          kevinyolken@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES T. DOUGLAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>UNIVERSITY OF HAWAII; ALOYSIUS HELMINCK; HEINZ GERT DE COUET; DOE DEFENDANTS 1-25,<br><br>    Defendants. | CIVIL NO. 21-00217<br><br>COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL |

COMPLAINT FOR DAMAGES, DECLARATORY
AND INJUNCTIVE RELIEF

Plaintiff JAMES T. DOUGLAS (hereinafter "Plaintiff" or "Professor Douglas"), by and through his undersigned attorneys, alleges as follows:

## INTRODUCTION

1. This is an action for damages, declaratory relief, and to preliminarily and permanently enjoin Defendants UNIVERSITY OF HAWAII, ALOYSIUS HELMINCK, HEINZ GERT DE COUET, DOE DEFENDANTS 1-25 (hereinafter collectively referred to as "Defendants"), and their agents, servants, employees, successors in office, and all persons acting in concert with them or under their direction, from enforcing certain restrictions imposed under color of state law. Through their action, as more fully described herein, Defendants have deprived Professor Douglas of his liberty, free association, and property rights without due process in violation of applicable provisions of the First and Fourteenth Amendments of the Constitution of the United States and Article I Sections 2, 4, 5 and 6 of the Hawaii State Constitution, inter alia.

## JURISDICTION

2. This Court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1331 and 1343, inter alia.

3. This Court is authorized to provide declaratory and injunctive relief pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, inter alia.

4. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of law, of rights secured by the United States Constitution.

5. Any and all state law claims contained herein form part of the same case or controversy as give rise to Professor Douglas' federal claims. Thus, this Court may exercise supplemental jurisdiction over the state constitutional and state law claims pursuant to 28 U.S.C. §1367(a).

## VENUE

6. Venue is properly in this district pursuant to 28 U.S.C. Section 1391(b) because all of the Defendants reside in this district, and the events giving rise to these claims occurred in this district.

## PARTIES

7. Plaintiff is and has been a tenured professor employed by Defendant UNIVERSITY OF HAWAII and is and has been a resident and citizen of the State of Hawaii at all times pertinent hereto.

8. Defendant UNIVERSITY OF HAWAII (hereinafter "Defendant UH") is funded by the State of Hawaii, and its representatives and employees operate under the color and authority of the laws of the State of Hawaii. Defendant UH is a higher educational institution with campuses throughout the islands, and the matter at hand occurred on the campus of the University of Hawaii at Manoa (hereinafter "UH-Manoa").

9. Defendant ALOYSIUS HELMINCK (hereinafter "Dean Helminck") is or was the Dean of the College of Natural Sciences at UH-Manoa at all times pertinent hereto. Dean Helminck was and is personally and directly involved in decisions to establish and to maintain the conditions, policies, and practices imposed upon Professor Douglas which are complained of herein. Dean Helminck is and has been a resident and citizen of the State of Hawaii at all times pertinent hereto and is sued herein in both his individual and official capacities.

10. Defendant HEINZ GERT DE COUET (hereinafter "Chair de Couet") is or was the Chairperson of the Department of Microbiology and Biology at UH-Manoa at all times pertinent hereto. Chair de Couet was and is personally and directly involved in decisions to establish and to maintain the conditions, policies, and practices imposed upon Professor Douglas which are complained of herein. Chair de Couet is and has been a resident and citizen of the State of Hawaii at all times pertinent hereto and is sued herein in both his individual and official capacities.

11. DOE DEFENDANTS 1-25 (hereinafter "Doe Defendants") are employees, agents, trustees, regents, and/or representatives of Defendant UH whose true names and capacities are as yet unknown to Professor Douglas and his attorneys despite due diligence and inquiry, and who acted herein with or on behalf of the named Defendants as set forth below. Professor Douglas will seek leave of

Court to amend his complaint to show the true names and capacities of these Defendants when they have been ascertained.

12. Each of the Defendants acted under color of state law as to the matters set forth herein. All of the conditions, policies and practices complained of herein are the result of and pursuant to specific decisions, official policies, or customs of Defendants. Each of the Defendants knows of and is responsible for the conditions, policies, and practices set forth herein.

## FACTUAL ALLEGATIONS

13. Professor Douglas has been teaching at UH-Manoa for over forty years during which time he has enjoyed an illustrious academic career with numerous publications and accolades.

14. On or about January 1, 1980, Professor Douglas was hired by Defendant UH as an Assistant Professor to teach medical microbiology and conduct research.

15. In 1985, Defendant UH granted tenure to Professor Douglas as an Associate Professor of Microbiology.

16. In 1990, Professor Douglas was promoted to the position and status of Professor of Microbiology by Defendant UH.

17. In or around October 2017, Professor Douglas learned that he needed knee replacement surgery and that the earliest he could have the surgery was in

January 2018. Professor Douglas informed Chair deCouet that he would need to undergo this planned surgery.

18. In December 2017, Professor Douglas reminded Chair deCouet about the scheduling of his planned knee surgery that had been long contemplated and discussed earlier with Chair deCouet and others employed by Defendant UH.

19. After being informed about the timing of Plaintiff's surgery, Chair deCouet informed Professor Douglas that Defendant UH would be adding a fourth class to Professor Douglas' normal Fall load of two graduate courses and one undergraduate course research course during the Fall 2018 semester.

20. In January 2018, Professor Douglas began teaching this planned load of the three courses he was scheduled to teach for the semester.

21. Professor Douglas also arranged to have all three classes taught by replacement lecturers from January 23 to March 2, 2018 while he was on medical leave.

22. On or about January 23, 2018, Professor Douglas underwent medical procedures that included planned surgery and time for recovery.

23. In March 2018, Professor Douglas returned to his duties with Defendant UH including attending faculty meetings, attending meetings with Chair deCouet, attending meetings with Dean Helminck, mentoring and overseeing the

work of graduate and undergraduate students, and preparing and submitting grant proposals.

24. On or about August 2018, due to medications he was taking and a worsening heart condition, Professor Douglas went on sick leave pursuant to the policies of Defendant UH.

25. In September 2018, Professor Douglas received a letter from his healthcare provider that he should be on sick leave.

26. In or around October 2018, with the assistance of a graduate student, Professor Douglas submitted a grant proposal for NIH that was not approved by Defendant UH.

27. While on sick leave, Professor Douglas was informed by Dean Helminck, in a memorandum dated September 27, 2019, about the 2020 scheduled demolition of Snyder Hall and the relocation and decommissioning of all existing laboratories by the end of 2019.

28. Dean Helminck's memo further explained that Professor Douglas should contact Chair de Couet no later than October 3, 2019, to schedule an appointment to remove any items from Snyder Hall no later than October 17, 2019.

29. In a meeting on or about October 21, 2019, Dean Helminck verbally informed Professor Douglas that Defendant UH would be decommissioning his laboratory, and a contract was secured to destroy Professor Douglas' research

samples. Professor Douglas did not consent or give approval for this destruction of his personal and professional property and academic research.

30. On or about November 15, 2019, Defendants UH, Dean Helminck, and DOE DEFENDANTS oversaw the removal and destruction of Professor Douglas' property and equipment, including custom-made laboratory equipment, books, manuals, reports, papers, slides, teaching materials, photographs, computer hard drives, computer equipment, office equipment, tools, and unique laboratory samples that consisted of and were the products of decades of Professor Douglas' academic research.

31. On or about April 2020, Professor Douglas returned from sick leave.

32. On or about July 2020, Professor Douglas learned he would have a Fall teaching load of over three hundred students and that he would not have any graduate or undergraduate research courses.

33. Because Defendant UH did not provide laboratory space to Professor Douglas, his research and mentoring load was completely reduced, and Professor Douglas was not able to conduct his own research since April 2020.

34. Despite being restricted by Defendant UH, Professor Douglas continues to attempt to publish regularly and participate in research and collaborative academic activities to the extent that he could. The last research study published by Professor Douglas was in January 2020 while he was on sick leave.

35. As a direct and proximate result of the foregoing Professor Douglas has suffered, is suffering and is threatened with the further deprivation of rights guaranteed to him by the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 4, 5 and 6 of the Constitution of the State of Hawaii, inter alia.

36. As a direct and proximate result of the foregoing Professor Douglas has suffered and will continue to suffer serious and lasting harm to his personal and professional reputation and his academic and scholarly career.

37. As a direct and proximate result of the foregoing Professor Douglas has suffered and will continue to suffer severe emotional distress, anxiety, worry, and anger.

38. Professor Douglas has no remedy at law or equity to redress or prevent the violations of his constitutional rights alleged herein other than their application to this Court.

## FIRST CAUSE OF ACTION
*(Freedom of Association, Speech and Interference with Academic Freedom)*

39. Professor Douglas realleges and incorporates by reference as though fully contained herein, the allegations set forth in Paragraphs 1 through 38, above.

40. Defendants' conduct and restrictions on Professor Douglas' ability to engage in and conduct academic research without interference have violated his

rights that are protected by the First Amendment to the United States Constitution and Article I, Section 4 of the Hawaii Constitution, inter alia.

41. By unduly restricting Professor Douglas' speech and conduct and his ability to engage in academic affairs and supervise graduate students, Defendants are continuing to deprive Professor Douglas of rights secured by the free association and free speech clauses of the First Amendment (as incorporated by the Fourteenth Amendment) as well as under Article I Sections 2, 4, and 6 of the Hawaii State Constitution, inter alia.

42. Defendants' acts complained of herein were and are directed toward intimidating Professor Douglas and chilling the exercise of his protected expressive rights by, among other means, silencing or diluting his message and by deterring persons from joining with Professor Douglas in the lawful exercise of their constitutional rights.

43. As a result of Defendants' acts, Professor Douglas has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
*(Procedural Due Process)*

44. Professor Douglas realleges and incorporates by reference as though fully contained herein, the allegations set forth in Paragraphs 1 through 38, and 40 through 43 above.

45. The destruction of research materials and other actions of Defendants' complained of herein were imposed without adequate process in violation of the Due Process Clause of the Fourteenth Amendment and Article I, § 5 of the Hawaii State Constitution, inter alia.

### THIRD CAUSE OF ACTION
*(Breach of Contract)*

46. Professor Douglas realleges and incorporates by reference as though fully contained herein, the allegations set forth in Paragraphs 1 through 38, 40 through 43, and 45 above.

47. The above described acts of Defendants constitute a breach of the terms and conditions of Professor Douglas' employment by Defendant UH.

### FOURTH CAUSE OF ACTION
*(Breach of Implied Covenant of Good Faith and Fair Dealing)*

48. Professor Douglas realleges and incorporates by reference as though fully contained herein, the allegations set forth in Paragraphs 1 through 38, 40 through 43, 45, and 47 above.

49. Incident to his employment with Defendant UH, Defendants owed Professor Douglas duties of good faith and fair dealing.

50. Defendants' actions above constitute breaches of their duties of good faith and fair dealing.

## FIFTH CAUSE OF ACTION
*(Conversion and/or Destruction of Property)*

51. Professor Douglas realleges and incorporates by reference as though fully contained herein, the allegations set forth in Paragraphs 1 through 38, above.

52. Professor Douglas owned, possessed, or had a right to possess all of his professional and personal property stored on the premises of Defendant UH.

53. Defendants substantially interfered with Professor Douglas' property by knowingly or intentionally taking possession of Professor Douglas' property, preventing Professor Douglas from accessing his property, destroying Professor Douglas' property, and refusing to return his property after he demanded its return.

54. Professor Douglas did not consent to this interference, taking, and destruction of his professional and personal property.

55. As a result of Defendants' acts, Professor Douglas has suffered damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
*(Tortious Interference with Prospective Business Advantage)*

56. Professor Douglas realleges and incorporates by reference as though fully contained herein, the allegations set forth in Paragraphs 1 through 38, 49 through 50, and 52 through 55 above.

57. In performing the acts described above, Defendants intentionally and willfully interfered with Professor Douglas' prospective business advantage and/or

expectancy that was reasonably probable of maturing into a future economic benefit for Professor Douglas.

58. As a result of the intentional interference with Professor Douglas' prospective advantage and/or expectancy, Professor Douglas is entitled to damages in amounts to be proven at trial.

EIGHTH CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress)*

59. Professor Douglas realleges and incorporates by reference as though fully contained herein, the allegations set forth in Paragraphs 1 though 38, 40 through 43, 45, 47, 49 through 50, 52 through 55, and 57 above.

60. Professor Douglas is informed and believes, and thereupon alleges, that the Defendants acted herein knowingly, intentionally and/or recklessly, deliberately, and/or maliciously, and that these acts were outrageous and/or extreme, intolerable, and/or unreasonable with no just cause and/or excuse.

61. The acts of Defendants above caused Professor Douglas to suffer severe and/or extreme emotional distress in amounts to be proven at trial.

WHEREFORE, Professor Douglas prays for relief as follows:

1. For a temporary, preliminary and permanent injunction enjoining and restraining the Defendants, their superiors, agents, servants, employees, successors in office, and all persons acting in concert with them from enforcing the

aforementioned restrictions upon his rights to free speech and association, due process, travel and participation in academic affairs, inter alia;

    2.    For entry of judgment declaring the restrictions upon him to be unconstitutional;

    3.    For general, special, and punitive damages against the Defendants in their individual capacities according to the proof thereof at trial;

    4.    For reimbursement of his costs of suit herein including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988, and other applicable laws; and

    5.    For such further and additional relief as this Court deems appropriate and just.

    DATED:    Honolulu, Hawaii, May 3, 2021.

/s/ Eric A. Seitz
ERIC A. SEITZ
GINA SZETO-WONG
JONATHAN M.F. LOO
KEVIN A. YOLKEN

Attorneys for Plaintiff