IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JAMES T. DOUGLAS, | Civil No. 21-00217-DKW-WRP |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| UNIVERSITY OF HAWAII; ALOYSIUS HELMINCK; HEINZ GERT DE COUET; *et al.*, | |
| Defendants. | |

Plaintiff James Douglas moves for reconsideration ("Motion") of the Court's August 7, 2023 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("August 7 Order"). Dkt. No. 59. The Motion raises two grounds for reconsideration: (1) the Court manifestly erred, warranting reinstatement of Douglas' conversion claim; and (2) newly discovered evidence supports permitting Douglas to amend his Complaint to add University of Hawaiʻi Provost Michael Bruno as a Defendant and allege First Amendment retaliation by both the University of Hawaiʻi and Bruno.

As more fully explained below, neither argument warrants reconsideration of the August 7 Order. First, the Court is unconvinced of any error of law or fact, let

alone a manifest one, that might justify resurrecting Douglas' conversion claim. Second, whether or not there is newly discovered evidence supporting an amendment of the operative Complaint, that is no basis for the Court to *reconsider* the August 7 Order, given that no such evidence, assuming it was "newly" discovered, *could have* been before the Court at the time of summary judgment. Therefore, for the reasons set forth herein, the Motion, Dkt. No. 59, is DENIED.

## FACTUAL & PROCEDURAL BACKGROUND

On August 7, 2023, this Court granted partial summary judgment to Defendants University of Hawaiʻi (the "University"), Dean of the College of Natural Sciences Aloysius Helminck, and Chair of the Department of Microbiology and Biology Heinz Gert de Couet. Dkt. No. 56.[1]  As relevant here, the Court found Douglas' conversion claims (Count 5) against the University, Helminck and de Couet to be barred by Eleventh Amendment sovereign immunity and/or Hawaiʻi Revised Statute Section 304A-108. Dkt. No. 56 at 8–9, 16.  The Court further found Douglas' First Amendment claim for damages (Count 1) to be barred by sovereign immunity and qualified immunity.[2]  *Id*. at 8–9, 12–14.  In addition, the Court specifically noted that Douglas did not raise "even a threshold

---

[1]A factual and procedural history of this case leading up to the Court's August 7 Order is set forth in that Order and will not be repeated here.  *See* Dkt. No. 56 at 4–8.
[2]However, Douglas' First Amendment claim for injunctive and declaratory relief survived.  *See* Dkt. No. 56 at 9–11.

claim of First Amendment retaliation," and, thus, declined to evaluate any such claim. *Id*. at 14 n.7.

On August 21, 2023, Douglas filed the instant Motion. Dkt. No. 59. Douglas contends that the Court committed manifest error of law and fact in granting summary judgment on his conversion claim. Douglas also argues that newly discovered evidence supports permitting him to amend his Complaint to add University Provost Michael Bruno as a new Defendant and revise Count 1 to include First Amendment retaliation. After review of the Motion, pursuant to Local Rule 60.1, the Court declines to direct further briefing on the same, and this Order now follows.

## STANDARD OF REVIEW

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and Local Rule 60.1. Such motions may be brought only where there is: "(a) Discovery of new material facts not previously available; (b) Intervening change in the law; and/or (c) Manifest error of law or fact." LR 60.1; *see Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Though such motions are generally disfavored, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003); *see* LR 60.1.

- 3 -

## **DISCUSSION**

### I.  **Conversion**

Douglas first offers that the Court manifestly erred, in both law and fact, when granting summary judgment on his conversion claim to the University of Hawaiʻi, Helminck, and de Couet.  Dkt. No. 59 at 3–6.

First, Douglas contends that the Court factually erred by mischaracterizing the nature of the property destroyed by Defendants when decommissioning his lab. *Id*. at 4.  He claims that the Court's August 7 Order mistakenly focuses on the biological research samples contained in the lab, while the actual property at stake included not only the samples, but "important, irreplaceable research material, data, and research records," "professional and personal equipment," and "personal teaching materials."  *Id*.  According to Douglas, given the personal nature of the property, which the Court overlooked, the University and its employees had a duty of reasonable care to prevent its loss or destruction.  *Id*. at 4–5.

Douglas, however, misreads the Order.  For instance, the Court clearly stated that in decommissioning Douglas' laboratory, the University disposed of both its "biological *and research* contents."  Dkt. No. 56 at 5 (emphasis added).  The Court further elaborated by citing extensively from the record, noting, *inter alia*, that the University instructed Douglas to remove his *personal belongings* if he wished to avoid their disposal, arranged for such opportunities, and informed him that the

"specimens in the laboratory, *together* with the *supplies and equipment*, are owned by the University . . . ." *Id.* at 5–6 n.2 (emphasis added).

Perhaps more importantly, even if the Court had not explicitly referenced the contents of the laboratory beyond biological samples, the nature of the property does not change the analysis. Douglas' conversion claim fails on legal grounds. Sovereign immunity bars this claim against the University and against Helminck and de Couet in their official capacities, and H.R.S. § 304A-108 bars this claim against Helminck and de Couet in their individual capacities. Neither one of these holdings depends on the nature of the property alleged to have been converted. As such, Douglas has not demonstrated that the Court factually erred in any material way, let alone one sufficient to support reinstatement of his conversion claim.

Douglas also contends that the Court manifestly erred as a matter of law when applying H.R.S. § 304A-108 to bar his conversion claim. Dkt. No. 59 at 5–6. To begin with, it is unclear exactly what error Douglas alleges the Court made. He appears to argue that the Court mistakenly held that H.R.S § 304A-108 precludes his conversion claim from advancing against the *University of Hawaiʻi.* *See id.* at 5. Any such argument, however, mischaracterizes the Court's holding. Notably, the August 7 Order explains that H.R.S § 304A-108 bars Douglas' state law claims against *Helminck* and *de Couet* in their individual capacities, precisely because any such claim can only be asserted against the University. *See* Haw. Rev.

Stat. § 304A-108 (permitting plaintiffs to bring "claims arising out of the acts or omissions of the university or the members of its board of regents, its officers, or its employees, including . . . claims for torts permitted against the State under chapter 662 . . . *only against the university*.") (emphasis added).

That being said, as the Court further explained in the August 7 Order, Douglas' conversion claim against the University is also barred, but by the Eleventh Amendment (*not* by H.R.S § 304A-108).  *See* Dkt. No. 56 at 8–9.  In fact, Douglas conceded in his Opposition to the Motion for Summary Judgment that "his state tort law claims against Defendant UNIVERSITY OF HAWAII are barred by the Eleventh Amendment."  Dkt. No. 49 at 10.

To the extent that Douglas now seeks to reverse course and challenge the August 7 Order by contending what he previously did not—that the State of Hawaiʻi has waived Eleventh Amendment sovereign immunity for tort claims against the University—such an argument is unavailing.  Douglas argues that under H.R.S § 662, the State has explicitly waived sovereign immunity with respect to tort actions.  Dkt. No. 59 at 5–6.  Although this is true, it is inconsequential.  As the Court explained in the August 7 Order, this consent applies only in state courts and is not a waiver of Eleventh Amendment immunity for suits in federal court.  Dkt. No. 56 at 9 n.5; *Off. of Hawaiʻian Affs. v. Depʼt of*

*Educ.*, 951 F. Supp. 1484, 1491 (D. Haw. 1996); *Doe ex rel. Doe v. State of Hawaii Dep't of Educ.*, 351 F. Supp. 2d 998, 1018 (D. Haw. 2004).

Further, H.R.S § 304A-108 does not waive the University's Eleventh Amendment immunity.  The statute explicitly provides "[a]ll defenses available to the State, as well as all limitations on actions against the State, shall be applicable to the university."  H.R.S § 304A-108.  To this end, courts in this District have recognized that H.R.S § 304A-108 "did not waive *Eleventh Amendment* immunity. . . .  Section 304A-108 might have given the State's general consent to be sued, [but it] did not expressly give consent to be sued in *federal* court.  Indeed, in Section 304A-108(a), the University specifically retains available defenses." *Bolla v. Univ. of Hawaii*, 2009 WL 10676971, at *4 (D. Haw. Oct. 8, 2009) (internal citations omitted); *see also Mukaida v. Hawaii*, 159 F. Supp. 2d 1211, 1221–22 (D. Haw. 2001) (finding that the identical language of H.R.S § 304-6, H.R.S § 304A-108's predecessor, preserved the University's sovereign immunity); *Hunger v. Univ. of Hawaii*, 2013 WL 6147673, at *6 (D. Haw. Nov. 22, 2013) (dismissing state law claims against the University and its employees as prohibited by H.R.S § 304A-108 and sovereign immunity).  Accordingly, there was no legal error with respect to conversion, and no ground to reconsider the August 7 Order on that basis.

## II.   <u>First Amendment Retaliation</u>

Douglas also argues that newly discovered evidence not previously available supports permitting him to amend his Complaint to add University Provost Michael Bruno as a Defendant and revise Count 1 to allege First Amendment retaliation.  Dkt. No. 59 at 6–11.  In addition to repeating facts "not previously highlighted," Douglas adds that on June 30, 2023, College of Natural Sciences Dean Alison Sherwood recommended Douglas' separation from the University. *Id*. at 6–8.  Douglas further alleges that Bruno accepted this recommendation on August 16, 2023, and offered to transfer Douglas to an "Instructor I2" position.  *Id*. at 8.  Although Douglas challenged this decision by filing a Step 2 Grievance with the University that same day, his Fall 2023 courses were allegedly assigned to other instructors on August 17, 2023.  *Id*.

Whether or not this evidence supports permitting Douglas to amend his Complaint, the instant Motion is an inappropriate avenue through which to bring such a request.  The Court only addressed First Amendment retaliation in the August 7 Order insofar as it declined to evaluate such a claim, given that there was none.   Dkt. No. 56 at 14 n.7 (the Complaint does not set forth "even a threshold claim of First Amendment retaliation").  Where the Court has not addressed a matter, there is nothing for it to reconsider.  In other words, amendment is not the same as reconsideration.  Although Douglas may choose to file a separate motion

for leave to amend his Complaint to include First Amendment retaliation claims and to add Bruno as a Defendant, the Court will not decide that issue here.

## **CONCLUSION**

For the reasons set forth herein, Douglas' Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, Dkt. No. 59, is DENIED.

IT IS SO ORDERED.

DATED: September 27, 2023 at Honolulu, Hawai'i.


Derrick K. Watson
Chief United States District Judge


_James T. Douglas vs. University of Hawaii, et al_; Civil No. 21-00217 DKW-WRP;
**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**